AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

SEALED

United States of America
v.
Connor Anthony Putillion.

*Defendant(s)*

Case No. 2:18-mj-00086

FILED
AUG 20 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 27 through June 7, 2017 in the county of Jackson in the Southern District of West Virginia, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2423(a) | Transportation of minor with intent to engage in criminal sexual activity |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Ross Mellinger, Chief Deputy

*Printed name and title*

Sworn to before me and signed in my presence.

Date: Aug 20, 2018

*Judge's signature*

City and state: Charleston, West Virginia

Dwane L. Tinsley, United States Magistrate Judge

*Printed name and title*

**AFFIDAVIT**

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

I, Ross Mellinger, being first duly sworn, do hereby depose and state as the follows:

**BACKGROUND OF AFFIANT**

1. I am a 21 year veteran of the Jackson County Sheriff's Department (JCSD). I have been employed as both a Correctional Officer and a Deputy Sheriff. My most recent assignment is with the Jackson County Bureau of Investigations (JCBI). I graduated from the West Virginia State Police Academy in December of 2002, where I received extensive training in matters of criminal investigation. I have continued my training by attending various criminal courses. I have conducted and/or assisted in numerous criminal investigations, including, sexual assault and sex crimes involving children. I have also investigated and assisted in the successful prosecutions of various sex crimes involving the use of electronic devices to facilitate the crimes. I have interviewed numerous victims and witnesses throughout my career.

2. The statements contained in this affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers, whom your Affiant believes to be reliable. Because the affidavit is being submitted for the

limited purpose of securing authorization for the requested criminal complaint and arrest warrant, your Affiant has not included every fact known to me concerning this investigation, instead, I have set forth only the facts that I believe are necessary to establish probable cause.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that between on or about May 27, 2017, and June 7, 2017, at or near Ripley, Jackson County, West Virginia, within the Southern District of West Virginia, and elsewhere, Connor Anthony Putillion ("Putillion") knowingly transported a minor in interstate commerce with the intent that the minor would engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2423(a).

**APPLICABLE STATUTE**

4. According to 18 U.S.C. § 2423(a), it is a federal crime for a person to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense."

**PROBABLE CAUSE**

5. Your affiant has learned that Putillion visited his

family on or about May 27, 2017, through May 29, 2017 in Ripley, Jackson County, West Virginia. At the time of his visit, Putillion was residing in Richmond, Virginia. On or about May 29, 2017, Putillion transported a 13-year-old female ("Minor Female 1") from Ripley, West Virginia, to Richmond, Virginia, so that she could visit with his wife and infant son.

6. During the drive from West Virginia to Virginia, Putillion played a game he referred to as the "Nervous Game" with Minor Female 1. During the game, Putillion slowly moved his hand up Minor Female 1's leg from her knee to her upper thigh near her genital area. Putillion told Minor Female 1 to indicate to him if this activity made her nervous. Despite Minor Female 1 saying she was nervous when he had his hand on her knee, Putillion continued to move his hand up her thigh. Putillion touched Minor Female 1's thigh approximately five times during the trip.

7. Putillion asked Minor Female 1 about her sexual experiences with her boyfriend. Minor Female 1 responded that she had not engaged in any such sexual activity with her boyfriend. Putillion told Minor Female 1 about his sexual experiences when he was 13-years-old. Putillion also told Minor Female 1 about his sexual relationship with his wife. According to Minor Female 1, the conversation made her uncomfortable.

8. Putillion took Minor Female 1's wireless telephone

during the trip and did not permit her to call or text her parents. Minor Female 1 repeatedly asked Putillion to return her phone, but he refused to do so.

9. A few days after arriving in Richmond, Minor Female 1 and Putillion watched a movie in Putillion's living room. Putillion's wife did not watch the movie with Putillion and Minor Female 1. After the movie ended, Putillion suggested that he and Minor Female 1 play a card game, which involved them sitting on the floor next to each other. Putillion asked Minor Female 1 if her boyfriend had ever touched her vagina, and she responded that he had not. Putillion continued asking questions such as, "Did he touch you like this?" Putillion then proceeded to rub Minor Female 1's vagina through her pajama shorts. Minor Female 1 advised your affiant that Putillion rubbed her vagina hard and that it hurt.

10. Following this incident, Minor Female 1 began dealing with substantial anxiety and contacted her mother to come and get her. Minor Female 1's mother drove her back to Ripley, West Virginia on June 7, 2017.

11. Under Virginia Code § 18.2-67.4:2, it is a Class 1 misdemeanor for an adult to, with lascivious intent, commit an act of sexual abuse against a minor between the ages of 13 and 15. Virginia Code § 18.2-67.10 defines "sexual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify

any person, where: (a) the accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts."

**CONCLUSION**

12. Based on the above information, your Affiant submits that there is probable cause to believe that between on or about May 27, 2017, and June 7, 2017, Connor Anthony Putillion committed the offense of transporting a minor in interstate commerce with the intent that the minor engage in sexual activity for which any person could be charged with a crime. Your Affiant respectfully requests that this Court issue a criminal complaint and arrest warrant.

R Mell

Chief Deputy Ross Mellinger
Jackson County Sheriff's Office

Subscribed and sworn to before me this the 20th day of August, 2018.

Dwane L Tinsley

DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE