IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:18-cr-00186

CONNOR ANTHONY PUTILLION

MEMORANDUM OPINION AND PROTECTIVE ORDER

Pending before the court is the Government's Motion to Seal [ECF No. 29]. The Motion seeks to seal the Government's Motion for Entry of a Protective Order Governing Discovery Relating to Minor Victims ("Motion for Protective Order") [ECF No. 29-2] and its Proposed Protective Order Governing Discovery Relating to Minor Victims ("Proposed Protective Order") [ECF No. 29-3]. For the reasons discussed below, the Motion to Seal [ECF No. 29] is **DENIED**. Also pending before the court is the Government's Motion for Protective Order [ECF No. 29-2]. For the reasons discussed below, the Motion for Protective Order [ECF No. 29-2] is **GRANTED**.

I. Background

On September 12, 2018, a federal grand jury returned a single-count indictment charging the defendant, Connor Putillion, with violating 18 U.S.C. §§ 2423(a) and 2423(e) for knowingly transporting a known individual who had not attained the age of 18 years in interstate commerce, with the intent that the

individual engage in sexual activity for which any person could be charged with a criminal offense, and attempting to do so. (Indictment, ECF No. 18.) The defendant allegedly drove a minor from West Virginia across state lines to Virginia. During the trip, the defendant allegedly touched inappropriately the minor victim's inner thigh while playing the "nervous game."[1] He also allegedly rubbed her vagina through her clothing after arriving at their destination and attempted to persuade her to send nude images of herself on her cellphone after the fact.

On September 27, 2018, the Government filed its Motions seeking, inter alia, a protective order under the Child Victims' and Child Witnesses' Rights Act ("the Act"). The response period has lapsed, and the Motions are unopposed.

## II. Discussion

There are two issues before the court with respect to the Government's Motion for Protective Order: (1) whether the Act applies to the alleged minor victim and (2) if so what protective measure should be taken. I will address any applicable protective measure in turn. I will then discuss the merits of the Government's Motion to Seal.

### a. Child Victims' and Child Witnesses' Rights Act

The Act protects children under the age of eighteen who are or are alleged to be "victim[s] of a crime of physical abuse, sexual abuse, or exploitation." 18 U.S.C. § 3509(a)(2)(A). The Act defines "sexual abuse" as including the "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually

---

[1] The "nervous game" is where a person places his hand on another's thigh and slowly moves it toward the other's genital area until the other becomes "nervous."

explicit conduct or the rape, molestation prostitution, or other form of sexual exploitation of children." § 3509(a)(8). Included under "sexually explicit conduct" is "sexual contact," which means "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." § 3509(a)(9)(A).

The alleged conduct falls under the plain language of the Act: The nervous game and seeking nude photos lie in "persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct." Grabbing her inner thigh while moving toward her genitals lies in "molestation" and "sexual contact." Rubbing her vagina through her pajamas is unquestionably "sexual contact." The next question, however, is whether any of the conduct is a crime. But that question is easily resolved with only one of the allegations: rubbing the minor's vagina through her clothing is a punishable crime in both West Virginia and Virginia. *See* Va. Code Ann. § 18.2-67.4:2 (West 2018) ("Sexual abuse of a child under 15 years of age"); W. Va. Code Ann. § 61-8B-7(a)(1) (West 2018) ("Sexual abuse in the first degree").

To be sure, while the Act may not necessarily include victims purely of the charged offense of transporting a minor in interstate commerce with the requisite intent under § 2423(a), the allegations of crimes against the minor are more than that. *Cf. United States v. Anderson*, 139 F.3d 291, 295, 301–02 (1st Cir. 1998) (finding that application of § 3509(d) did not violate the constitutional rights of defendants

3

who were charged with violating 18 U.S.C. § 2423(a)). The child is alleged to be "a victim of a crime of . . . sexual abuse." § 3509(a)(2)(A). The Act's protections need not rest on the crime charged in the Indictment. Therefore, I find that the Act's protections apply to the alleged minor victim.

### b. Privacy Protection and Filing Under Seal

Finding that the Act applies, I now move on to the second question of what protections apply. Pursuant to § 3509(d), I **ORDER** the following mandatory protections:

> **(A)** A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall—
>
>> (i) keep all documents that disclose the name or any other information concerning a child[2] in a secure place to which no person who does not have reason to know their contents has access; and
>>
>> (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons, who by reason of their participation in the proceeding, have reason to know such information.
>
> **(B)** Subparagraph (A) applies to—
>
>> (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
>>
>> (ii) employees of the court;

---

[2] A "child" for purposes of § 3509(d) is "a person who is under the age of 18, who is or is alleged to be a victim of a crime of physical abuse, sexual abuse, or exploitation." § 3509(a)(2)(A).

>>> (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

>>> (iv) members of the jury.

> It is further **ORDERED** that

>> [a]ll papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—

>>> (A) the complete paper to be kept under seal; and

>>> (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

§ 3509(d)(2).

### c. Additional Protective Orders

#### 1. The Minor Victim's Initials

The Government requests that during trial and all pre- and post-trial proceedings in this case, the minor victim involved be referred to by her first and last initials only. Under the Act, in addition to the foregoing protections, the court "may provide for any other measure that may be necessary to protect the privacy of the

child," "if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." § 3509(d)(3)(B)(ii).

I find that there is a significant possibility that disclosing the minor victim's identity would be detrimental to the minor. The defendant was a United States Marine in a high-profile position. Thus, it is likely that this case will draw significant media attention. The nature of the minor's testimony and young age warrants protecting her identity. Disclosing the minor's name would likely subject her to scrutiny from the press, her classmates, and the community, likely harming her well-being and causing additional emotional trauma and personal embarrassment. Not protecting her identity at trial would otherwise render the protections under § 3509(d) meaningless.

I also find that such measure is narrowly tailored to further the compelling interest in "safeguarding the physical and psychological well-being of a minor." *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604–05 (1982). The court is not closing the courtroom wholesale but merely requiring that the minor be referred to by her first and last initials. The defendant will have an opportunity to cross examine, and any perceived prejudice can be resolved with a simple instruction to the jury. This limited restriction adequately protects the minor's well-being while preserving the public's right to have open access to the courts, the defendant's right to a public trial, and the defendant's right to confront accusers. *See United States v. Anderson*,

139 F.3d 291, 301–02 (1st Cir. 1998) (upholding the district court's decision prohibiting the disclosure of the last names of two juvenile witnesses at trial).

Therefore, I **ORDER** that the minor victim be referred to only by first and last initials throughout this matter.

### 2. Other Sensitive Material

In the course of the proceedings, the minor has been interviewed by audio recording, and there has been a forensic examination of the minor's cellphone. The Government additional protective measure concerning these materials. Consistent with § 3509(d)(3)(B)(ii) and the foregoing analysis, I **ORDER** that the United States shall provide a copy of the audio recorded interview with the minor victim as well as a copy of the forensic examination of the minor victim's cellphone ("the Materials") to the defendant's counsel subject to the following special conditions:

1. The Materials shall remain in the sole custody of the office of the defendant's counsel ("the Office") in a safe location inside the office;

2. The Office shall establish a means by which any removal or return of the Materials will be recorded.

3. All access to the Materials shall be recorded, and any agent of the Office must be shown a copy of this Protective Order before access;

4. The Materials shall not at any time be in the defendant's custody, control, or possession, unless it is in the presence of his counsel, or be placed on the Office's computer system;

5. If copies of the Materials are needed for purposes of creating trial exhibits or review by an Office agent located outside the Southern District of West Virginia, the United Sates must authorize such copies and document such duplication. Any exhibits or copies and the handling thereof must comply with this Protective Order; and

6. Should the Office withdraw from this case and a new attorney succeeds it, the Materials must be returned to the United States Attorney's office.

### d. Motion to Seal

In addition to this Protective Order, the Government moves to seal its Motion for Protective Order [ECF No. 29-2] and Proposed Protective Order [ECF No. 29-3] ("the Filings"). The Government argues that the Filings contain sensitive information and therefore must be sealed. I disagree. After carefully reviewing the materials, I find that they do not identify any minor victim or contain any information concerning a child that might lead to identification. I find that sealing these Filings does not outweigh the public's interest in an open and transparent court system or the defendant's right to a public trial, and it does not further the compelling government interest of safeguarding the physical and psychological well-being of a minor. *See Globe*, 457 U.S. at 604–05. As such, the Government's Motion to Seal [ECF No. 29] is **DENIED**.

### III. Conclusion

For the foregoing reasons, the court **GRANTS** the Government's Motion for Protective Order [ECF No. 29-2] and **DENIES** the Government's Motion to Seal [ECF No. 29]. The court further **ORDERS** that docket numbers 29, 29-1, 29-2, and 29-3 be unsealed.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Protective Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: October 18, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE