

**United States Department of Justice**

United States Attorney
Southern District of West Virginia



FILED
JAN 2 4 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

December 3, 2018

James M. Cagle, Esq.
1108 Kanawha Blvd East
Suite 1200 Blvd Tower
Charleston, WV 25301

      Re:  United States v. Connor Anthony Putillion
             Criminal No. 2:18-cr-00186 (USDC SDWV)

Dear Mr. Cagle:

    This will confirm our conversations with regard to your client, Connor Anthony Putillion (hereinafter "Mr. Putillion"). As a result of these conversations, it is agreed by and between the United States and Mr. Putillion as follows:

    1.  **PENDING CHARGES**. Mr. Putillion is charged in a three-count superseding indictment as follows:

        (a)  Count One charges Mr. Putillion with a violation of 18 U.S.C. §§ 2423(a) and 2423(e) (interstate transportation of a minor for illegal sexual purposes);

        (b)  Count Two charges Mr. Putillion with a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of child pornography); and

        (c)  Count Three charges Mr. Putillion with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (attempted receipt of child pornography.

*CAP*
―――――――――――
Defendant's
Initials

James M. Cagle, Esq.  
December 3, 2018                  Re: Connor Anthony Putillion  
Page 2

    2. **RESOLUTION OF CHARGES.** Mr. Putillion will plead guilty to Count Three of said superseding indictment, which charges him with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Following final disposition, the United States will move the Court to dismiss Counts One and Two in Criminal No. 2:18-cr-00186 as to Mr. Putillion.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Putillion will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a minimum period of five years and a maximum period of 20 years;

    (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of a minimum of five years up to life;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and $5,000 pursuant to 18 U.S.C. § 3014; for offense under Chapter 110 of Title 18; and

    (e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Putillion will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Putillion will obtain a receipt of

*CAP*  
Defendant's Initials

James M. Cagle, Esq.
December 3, 2018                    Re: Connor Anthony Putillion
Page 3

payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Putillion fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Putillion.

    5.    **RESTITUTION.** Mr. Putillion understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims in this case for full amount of the victims' losses, if any. Mr. Putillion further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aide of restitution, Mr. Putillion further agrees as follows:

    (a)    Mr. Putillion agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)    Mr. Putillion will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)    Mr. Putillion agrees not to dispose of, transfer, or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

    (d)    Mr. Putillion agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title, and

*CAP*
———————
Defendant's
Initials

James M. Cagle, Esq.  
December 3, 2018                    Re: Connor Anthony Putillion  
Page 4

        interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

  (e)  Mr. Putillion agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Putillion to pay a greater or lesser sum of restitution in accordance with law.

    6.    **PAYMENT OF MONETARY PENALTIES.** Mr. Putillion authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Putillion agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Putillion further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Putillion authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Putillion shall pay all monies received from any source other than earned

_CAP_<br>Defendant's<br>Initials

James M. Cagle, Esq.
December 3, 2018            Re: Connor Anthony Putillion
Page 5

income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Putillion agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

7. **COOPERATION.** Mr. Putillion will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Putillion may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Putillion, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Putillion for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Putillion for perjury or false statement if such a situation should occur pursuant to this agreement.

                                         _CAP_
                                        Defendant's Initials

James M. Cagle, Esq.
December 3, 2018                    Re: Connor Anthony Putillion
Page 6

    10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Putillion stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Putillion agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the superseding indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Putillion or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Putillion knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Putillion understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Putillion knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Putillion also knowingly and voluntarily waives any right to seek appellate review

                                                                     _CAP_
                                                               Defendant's
                                                                 Initials

James M. Cagle, Esq.
December 3, 2018                    Re: Connor Anthony Putillion
Page 7

of any claim or argument that (1) the statutes of conviction 18 U.S.C. §§ 2252A(a)(2) and (b)(1) are unconstitutional, and (2) Mr. Putillion's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Putillion also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12.  **WAIVER OF FOIA AND PRIVACY RIGHT**.  Mr. Putillion knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13.  **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Putillion understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following

                                                    *CAP*
                                              _____
                                              Defendant's
                                                Initials

James M. Cagle, Esq.
December 3, 2018                      Re: Connor Anthony Putillion
Page 8

jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Putillion understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Putillion further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Putillion understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    14. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Mr. Putillion;

    (f) Advise the Court concerning the nature and extent of Mr. Putillion's cooperation; and

    (g) Address the Court regarding the issue of Mr. Putillion's acceptance of responsibility.

    15. **VOIDING OF AGREEMENT**. If either the United States or

*CAP*<br>Defendant's<br>Initials

James M. Cagle, Esq.
December 3, 2018         Re: Connor Anthony Putillion
Page 9

Mr. Putillion violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Putillion in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Putillion in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                        MICHAEL B. STUART
                        United States Attorney

By: _____
       EMILY J. WASSERMAN
       Assistant United States Attorney

                                               _CAP_
                                            Defendant's
                                            Initials

James M. Cagle, Esq.
December 3, 2018                    Re: Connor Anthony Putillion
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _12/08/18_____
Connor Anthony Putillion                  Date Signed
Defendant

_____          _Dec 8, 2018_____
James M. Cagle, Esq.                      Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18-cr-00186

CONNOR ANTHONY PUTILLION

## STIPULATION OF FACTS

The United States and CONNOR ANTHONY PUTILLION stipulate and agree that the facts comprising the offense of conviction, Count Three of the Superseding Indictment in the Southern District of West Virginia, Criminal No. 2:18-cr-00186 include the following:[1]

**DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA**

On or about May 29, 2017, I met my family for breakfast in Ripley, Jackson County, West Virginia, within the Southern District of West Virginia. My parents-in-law brought my sister-in-law ("AT"). At that time, AT was 13 years old and I knew AT was 13 years old.

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to CONNOR ANTHONY PUTILLION and to the United States concerning his involvement in the charge set forth in the Indictment.

*CAP*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT B**

After breakfast, I proceeded to drive to Alexandria, Virginia, where I lived with my wife, AT's sister. My baby son was in the backseat of the car. AT was in the front passenger seat of the car.

During the drive, I introduced AT to the "nervous game." This is a game I had played with my first girlfriend as well as AT's sister, my wife. I explained to AT that I would put my hand on her leg, then move my hand up her leg until she told me that she was nervous, at which time I would remove my hand. Shortly after I put my hand on AT's leg, she told me she was nervous. However, I continued to move my hand up her leg to the very top of her inner thigh. I did this approximately five times over the course of the drive.

I had taken away AT's cell phone, explaining to her that I wanted her to be present and converse over the course of the drive, not distracted by her cell phone. AT repeatedly asked for her phone back so that she could call her parents and let them know she was alright. However, I refused to return her phone.

As we drove from West Virginia to Virginia, in addition to the nervous game, I engaged AT in a very adult conversation about sex. I asked her about her sexual experiences with her boyfriend. She told me they had not yet done anything. I then proceeded to

*CAP*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**
2

tell her about my own sexual experiences when I was 13-year-old as well as the sexual experiences I had with AT's sister.

One night shortly after we arrived in Alexandria, Virginia, AT's sister had gone to bed. I stayed up with AT watching a movie and then playing a game. I offered AT a beer, she declined. We sat together on the floor of the apartment so that we were facing each other. I asked AT if her boyfriend had ever touched her vagina. She told me he had not. I then rubbed AT's vagina hard over the top of her pajama shorts. As I did this, I asked AT if her boyfriend had ever touched her like that. She said he had not and that the way I was rubbing her vagina hurt. After this, AT, who was experiencing substantial anxiety as a result of these encounters, called her mother and let her know that she, AT, was at risk of self-harming. AT's mother drove to Alexandria, Virginia the next day and took AT home to Ripley, West Virginia.

AT and I had become friends over the SnapChat application. Shortly after she returned to West Virginia, I began asking her to send me nude photographs of herself over SnapChat. It was clear that I wanted her to send me sexually explicit nude photographs of herself. She never did. I attempted to get her to send me sexually explicit, nude photographs of herself several times over the next several months, up until December 23, 2017. Over that period of

*CAP*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**
3

time, my pregnant wife, son, and I had moved to Richland, North Carolina. I sent AT SnapChat messages asking her to send me these sexually explicit nude photographs of herself both while I was in Alexandria, Virginia, and while I was in Richland, North Carolina. AT was in Ripley, West Virginia when I sent her these requests. Therefore, my attempts at receiving these sexually explicit nude photographs of AT, who I knew was a minor, would have been shipped and transported in and affecting interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

Stipulated and agreed to:

_____   12/08/18
CONNOR ANTHONY PUTILLION          Date
Defendant

_____   Dec. 8, 2018
JAMES M. CAGLE                    Date
Counsel for Defendant

_____   12/10/2018
EMILY J. WASSERMAN                Date
Assistant United States Attorney

_CAP_
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**
4