UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia
CHARLESTON

UNITED STATES OF AMERICA,

v.                                                                     Case No.: 2:18-cr-00186
                                                                       Judge Joseph R. Goodwin

CONNOR ANTHONY PUTILLION,

       Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

      Defendant's Connor Putillion submits this sentencing memorandum in support of his request that the sentence shall be the mandatory minimum of five(5) years required under the provisions of 18 U.S.C. §2252A(b)(1) as noted in paragraph 79 of the PSR.  The Defendant has no objection to the calculation made of the applicable offense level.

**Objections Pending**

      The parties have previously filed objections to the Probation Officer's Report of March 13, 2019. Mr. Putillion's responses to the proposed PSR are limited to provisions affecting the proposed conditions of supervised release.  They will not be argued here as decisions on those issues have not been made in a final report.  Once made, a supplement to this memorandum may be filed if deemed necessary to preserve an argument.

**Application of 18 U.S.C. §3553(a) Factors**

1.   Nature and circumstances of the offense and the history and characteristics of the Defendant.

      **A.**   **Nature and circumstances of the offense**.

Mr. Putillion stands by his plea of guilty and stipulations to a violation of 18 U.S.C. §2252A(a)(2). He did ask a minor to send him nude photos of herself. This request was made using Snapchat sent by his cell phone to her phone. No photos were sent. Mr. Putillion fully recognizes the wrongfulness of his actions. He has offered no attempt to minimize the criminality of his conduct.

      **B.**   **History and Characteristics of Connor Putillion**.

Mr. Putillion is a young man who recently had his 23rd birthday. At the time of the acts for which he stands convicted he was serving in the United States Marine Corps where he had established a stellar record, <u>see</u> submission sent herewith. He is recently divorced. His wrongful acts to which he admitted in writing sent to his then wife resulted in the destruction of his marriage and current loss of his two young sons. Connor has expressed the hope that he can one day re-establish a relationship with his children, but he understands that will require much work on his part. Recently Connor's mother and his ex-wife (to their credit) have begun a healthy exchange of these children.

There is no prior criminal history. There was nothing known in the past which would have suggested to others this particular behavior, except for that which was discovered in the search of the cell phones after the first report of criminal behavior was made.

The personal and family data contained in the PSR accurately capture the fact that Mr. Putillion comes from a stable supportive home environment, he maintained a healthy relationship with his father after his parents divorced, his siblings are both well situated. He entered the Marines after high school graduation. He participated in athletics in high school, excelled in the Marines and enjoyed a good relationship with his oldest son. His second son was born after his incarceration. He unfortunately has never met his youngest child. Nor has he seen his first child since his incarceration.

It is believed worth adding that Mr. Putillion's father Richard (Rick) previously served as a Sheriff's deputy and bailiff in Kanawha County where he was much liked and highly regarded. His mother Kathy Page is a long time employee of Charleston Area Medical Center(CAMC) who raised her three children after the divorce and enjoys the respect of her community. This case understandably came as a shock to the family. However they stand by and support Connor.

## Physical Injury

As mentioned in the PSR paragraph 65 Mr. Putillion suffered a painful and severe orthopedic injury while in the Marines. Absent surgery which was scheduled at the time of his arrest the prognosis is that ankle will "fuse." A copy of the medical records was forwarded to the probation officer. A copy can be supplied to this Court.

## State Charges

Two indictments have been returned in Jackson County. The first indictment is the same as the instant case and should under the Constitution be resolved by this case. The second case accuses Mr. Putillion of crimes against his ex-wife at a time which predates their marriage. It charges violations of various sections of West Virginia law defining sexual assault, second and third degree and sexual abuse, first degree. He has entered a plea of not guilty but has not been able to attend

pretrial hearings, thus the case remains pending without a trial date. Since these charges of six(6) counts remain undeveloped it is uncertain, at least to the undersigned, when and where they may be "headed." However, their pendency appears as a relevant factor.

## Kinds of Sentences Available

The possible sentence for the instant offense is at least 5 and as much as 20 years and a fine up to $250,000.

## Sentencing Range Under the Guidelines

Mr. Putillion correctly presents as a level 19 which would carry a sentence of 30 to 36 months and a fine of $10,000 to $100,000 together with supervised release which in this case is at least for 5 years due to the mandatory minimum.

## Conclusion

Mr. Putillion and his counsel therefore respectfully ask that this Court order a sentence which requires incarceration of the mandatory minimum of 5 years, a supervised release of 5 years, no fine due to his lack of income and resources and the future need to support his children. Further, that the Court recommend Lexington, Kentucky, FCI in order to address much needed medical treatment. This will provide adequate deterrence, just punishment which actually exceeds the sentencing guidelines. As for protecting the public, the charges brought by the State remain, thus satisfying the §3553 factor addressing the seriousness of Mr. Putillion's alleged behavior and admitted behavior

in the case before this Court.  At the same time this sentence would recognize that Mr. Putillion has acknowledged the wrongfulness of his actions and has otherwise in the past contributed to his country, community and family.

                Respectfully Submitted,

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia  25301
Email: caglelaw@aol.com
Phone:  (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Connor A. Putillion*

UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia
CHARLESTON

UNITED STATES OF AMERICA,

v.                                                    Case No.: 2:18-cr-00186
                                                        Judge Joseph R. Goodwin

CONNOR ANTHONY PUTILLION,

        Defendant.

### CERTIFICATE OF SERVICE

The undersigned, counsel for the Defendant, Connor A. Putillion, does hereby certify that a true and correct copy of the ***Defendant's Sentencing Memorandum*** was served via electronic filing to Jennifer Rada Herrald, A.U.S.A. on the on this the 4th day of April, 2019.

                                           /s/James M. Cagle
                                           James M. Cagle (WV Bar No. 580)
                                           1200 Boulevard Tower
                                           1018 Kanawha Boulevard, East
                                           Charleston, West Virginia 25301
                                           Email: caglelaw@aol.com
                                           Phone: (304) 342-3174
                                           Fax: (304) 342-0448
                                           *Counsel for Connor A. Putillion*