

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:18-cr-00186

**CONNOR ANTHONY PUTILLION**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Pursuant to this Court's order entered on January 24, 2019, the United States offers this Sentencing Memorandum outlining its position regarding the presentence report (PSR) and the appropriate sentence in this case.

### I.   ADVISORY GUIDELINES

The United States concurs with USSG guideline calculation contained in the revised PSR. The conduct in the instant case warrants the application of the cross-reference set forth at USSG §2G2.2(c)(1). As Application Note 7 sets forth, "[t]he cross reference in subsection (c)(1) *is to be construed broadly and includes all instances* where the offense involved . . . seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct" (emphasis added). Consistent with the common usage[1] of the

---

[1] Such common usage includes one-on-one communications such as receiving a notice from the power company that your electricity will

term "notice" and the recent holding of the Eleventh Circuit in United States v. Caniff, 916 F.3d 929 (11th Cir. 2019), defendant's conduct falls under the broad construction of the cross reference.

Defendant's conduct in repeatedly asking A.T. to send him sexually explicit photographs of herself via Snapchat amounts to evidence that the offense "involved . . . seeking by notice or advertisement a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." USSG §2G2.2(c)(1). The Eleventh Circuit recently held in Caniff that the same language in the similarly-worded statute, 18 U.S.C. § 2251(d)(1), applies to text messages between two parties. The Eleventh Circuit held that text messages between a defendant and a purported 13-year-old asking the minor to send sexually explicit images constituted "seeking by notice" to receive sexually explicit images of a minor.

In this case, and following the Eleventh Circuit's definition of notice, defendant, via text messages, sought by notice to have A.T. engage in sexually explicit conduct for purposes of creating a visual depiction of such conduct. Defendant admits that he sent messages seeking for A.T. to send him such sexually explicit pictures, and the totality of the evidence demonstrates by a preponderance that he believed she would have to engage in the

---

be turned off for nonpayment.

sexually explicit conduct to create such images (rather than sending an image from a previously collected pool of sexually explicit images).[2] First, defendant's chosen means of communication – Snapchat – is a service that has a built-in camera feature that is one of the primary components of the application. Traditionally, when one sends a photo by Snapchat, it is a photograph taken using the application that "disappears" after a brief period of time; the very benefit of the vanishing image is that it is not an image that is saved elsewhere on the phone but is rather simply sent via the messaging service. It is for this very reason that Snapchat is so popular for purposes of "sexting." Second, defendant had engaged in several sexual conversations with A.T., including about her own experiences, and from these conversations defendant should have reasonably concluded that she was not involved in producing and stockpiling sexually explicit photographs of herself. Finally, despite defendant's repeated messages seeking such a photograph, A.T. never complied. Had A.T. already had a selection of sexually explicit images available to send, it is less likely she would have been so hesitant to send such an image.

---

[2] While defendant argues that asking for "nude pictures" does not necessarily involve a minor engaging in sexually explicit conduct (see Defendant's Sentencing Memorandum at 9), he already admitted that he sought to receive sexually explicit images of A.T. as part of his plea. As he has already admitted that the photographs he requested would have been sexually explicit, the production of such photographs would have necessarily required the minor to engage in sexually explicit conduct.

Accordingly, the evidence supports the conclusion that defendant was seeking by notice (i.e., via Snapchat messages) to have A.T. engage in sexually explicit conduct and take a picture of such conduct. Under the broad construction of the cross-reference set forth at §2G2.2(c)(1) that is designed to capture "all instances" of such conduct, defendant's conduct warrants the application of the cross reference and the guidelines should be calculated under §2G2.1. The PSR correctly applies this cross reference, and the adjusted offense level of 35 and corresponding guideline range of 168 to 210 months is the correct calculation.

## II. <u>18 U.S.C. § 3553(a) FACTORS</u>

Based upon the foregoing arguments, the United States believes that defendant's adjusted offense level is appropriately calculated as level 35. With a Criminal History Category I, his advisory Guideline range 168 to 210 months. It is the position of the United States that a Guideline sentence is reasonable and appropriate in this case.

A. <u>18 U.S.C. § 3553(a)(1)</u>: The nature and circumstances of the offense of conviction in this case are serious and warrant a guideline sentence. Defendant here engaged in the worst possible kind of breach of trust – he harassed and violated ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. Defendant engaged in inappropriate sexual behavior toward her while driving her from West Virginia to his home in Virginia. While she was staying at his home in Virginia to visit

4

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, defendant forcibly groped her genital area. Such sexual aggression toward any child is abhorrent, but when that child is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, the violation is that much worse.

Not satisfied with only molesting A.T., defendant also engaged in a campaign of repeatedly asking her to send him nude, sexually explicit photographs of herself over Snapchat. He continued to harass ▆▆▆▆▆▆▆▆▆▆▆▆▆ despite her repeatedly declining his requests. While defendant attempts to compare his conduct with that of other individuals who simply possessed child pornography that they downloaded, defendant was seeking to have a minor produce and send him child pornography. This conduct is fundamentally different than the conduct of defendants who were not actively working to convince a child to take and send sexually explicit photographs.

Defendant's characteristics beyond his egregious conduct toward A.T. also weigh in favor of a substantial sentence. Defendant's cell phone contained another video of apparent child pornography involving a pubescent minor of approximately the same age as A.T. PSR ¶ 28. Defendant's cell phones also contained references to numerous web searches related to child pornography and incest, including searches for "Little Girl Virgin Pussy," "New Naked Young Girls," and "Taboo Incest Family Orgy." PSR ¶¶ 29, 31. Defendant's conduct toward A.T. was therefore not an isolated lapse in judgment, but rather appears to be part of a pattern of sexual

5

interest in young girls.

Finally, defendant is also charged in state court with sexual assault in Jackson County related to a video recording located on his phone that appears to depict him sexually assaulting ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. PSR ¶¶ 30, 61. Such a callous and gross violation of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ paints a clear picture of who defendant is: a man who fulfills his sexual desires without any regard for their legality or for the pain he causes his targets. Defendant's history and characteristics, coupled with the egregious nature of the offense conduct, warrants a guideline sentence.

B.  **18 U.S.C. § 3553(a)(2)(A through C)**: The United States argues that a guideline sentence in this case will reflect the seriousness of the offense, provide adequate deterrence, and protect the public from further criminal conduct by defendant. Defendant's conduct, as made clear in the victim impact letters submitted to the Court, has had a devastating impact on A.T. This is not a case where defendant was satisfied with simply downloading child pornography online (which is in and of itself a serious offense). Defendant went further and sought to receive child pornography of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that was specially produced just for him. Such conduct must be deterred, both for defendant and for other members of the public, through a substantial sentence. Moreover, given defendant's molestation of ▓▓▓▓▓▓▓▓▓▓, alleged video-recorded sexual assault of ▓▓▓▓▓▓▓▓▓▓▓▓, and possession of

6

child pornography involving another unidentified minor, a substantial sentence is necessary to prevent other women and girls from being victimized by defendant.

    C. **18 U.S.C. § 3553(a)(6)**: A guideline sentence of imprisonment is not inconsistent with appropriate sentences for similarly situated defendants. Defendant engaged in egregious conduct that involved seeking child pornography of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This is in addition to aggressively groping her and sexually assaulting ▓▓▓▓▓▓▓▓▓▓▓▓▓. Ultimately, defendant's conduct sought to have images of child pornography produced involving A.T., and the guidelines suggested in the PSR accurately reflect that serious offense.

    Defendant attempts to compare himself to other child pornography defendant's within the district, but he fails to acknowledge the ways in which his conduct is measurably more egregious than that of the cited defendants. For example, neither Devin Wolfe nor Stephen Sluss ever communicated with any minor, much less sought to have a minor produce child pornography. David Ray Pelfrey did produce child pornography, but the minor female involved in the videos was 16-years-old and therefore old enough to legally consent (and apparently did consent) to engaging in sexual activity with Mr. Pelfrey. The fact that Mr. Pelfrey received an 18-year sentence for recording himself engaged in sexual activity with a consenting 16-year-old actually argues in favor of defendant

7

receiving a guideline sentence for forcibly groping and seeking child pornography from a non-consenting 13-year-old ▓▓▓▓▓▓▓▓▓▓▓▓. Another defendant in this district, Robert Daniel Mullins, received a 30-year sentence for production of child pornography at his sentencing in October 2018. In short, a guideline sentence for defendant is not inconsistent with his conduct in this case nor would it constitute an unwarranted sentencing discrepancy.

    G.   **18 U.S.C. § 3553(a)(7)**: As of this submission, A.T. has not filed a request for restitution.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court impose a guideline sentence of imprisonment to be followed by at least 15 years of supervised release. The United States does not intend to call any witnesses, although A.T. and her parents may wish to address the Court.[3] The United States anticipates that the hearing will last approximately 30 minutes to one hour.

---

[3] Under the Crime Victims' Rights Act, when a victim is a minor, the legal guardians of the minor or other family members may assume the minor victim's rights under the Act, which includes the opportunity to address the Court. 18 U.S.C. §§ 3771(a)(4) and (e)(2)(B).

            Respectfully submitted,

            MICHAEL B. STUART
            United States Attorney

By:       /s/Jennifer Rada Herrald
            JENNIFER RADA HERRALD
            Assistant United States Attorney
            WV State Bar No. 12181
            300 Virginia Street, East
            Room 4000
            Charleston, WV 25301
            Phone: 304-345-2200
            Fax: 304-347-5104
            E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing and via email this 15th day of May, 2019:

James M. Cagle, Esquire
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, WV 25301
Email: caglelaw@aol.com

s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.herrald@usdoj.gov